UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DANIEL CLARK BOYD #92291    )
                            )
v.                          )    NO. 2:11-cv-3
                            )    *Greer/Inman*
HAMBLEN COUNTY CIRCUIT      )
COURT and HAMBLEN COUNTY    )
JAIL                        )

**MEMORANDUM AND ORDER**

Acting *pro se*, Daniel Clark Boyd, who is now detained in a local jail on theft charges, brings this civil rights action for injunctive relief under 42 U.S.C. § 1983, against the Hamblen County Circuit Court and the Hamblen County jail, (Doc. 2). Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, (Doc. 1). Even though his application reflects a negative balance (-$24.28) in his inmate ledger report, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1).

**I. Assessment & Collection Procedures**

Plaintiff therefore is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and *LaFountain v. Harry*, ___ F.3d ___, 2013 WL 2221569 (6th Cir. May 22, 2013). However, because plaintiff is unable to pay the full filing fee at this time, he shall pay the fee on an installment basis, when and if sufficient funds become available. The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, twenty percent (20%) of plaintiff's preceding monthly income credited to the

account, but only when the amount in the account exceeds ten dollars ($10), until the full $350. fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's current place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to: Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

## II. Screening Procedures

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court realizes the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A complaint which contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009). Instead, the pleading must encompass "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as to clothe the claim in "facial plausibility." *Id*.

## III. Law & Analysis

A. Non-suable Defendant

As an initial matter, the second named defendant, the Hamblen County jail, is a building and not a "person" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S.

2

658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Therefore, plaintiff has failed to state a claim against this defendant and it is **DISMISSED** from this lawsuit.

B.  Due Process Violation (Pretrial Detention)

Plaintiff's first claim in his complaint reads, as follows:

I was released from prison June 15, 2010 with probation plan in hand. I was arrested by Hamblen County on an Indictment for theft over $500 x 2 on July 8, 2010. I am presently still Incarcerated at Hamblen Co. Jail as of today of Jan. 3, 2011, without a first appearance hearing, an Arraignment Hearing or Bond Hearing. My Charges have not been read to me in Court or by any warrants served. I feel my Rights have been violated by Due Process.

Plaintiff further states that he has been furnished with "no representation of counsel . . . [and] no kind of personel (sic) appearance." Plaintiff also contends that he repeatedly complained to officers that he had had no court appearance, arraignment, or bond hearing and that he presented these matters to the jail authorities by means of a written grievance, but that the response he received to his grievance was that the "Judge will get to [you] when he gets to [you]," (Compl. at ¶ ¶ II.C and II.F).

Plaintiff does not appear to be asserting that he was arrested without probable cause and, wisely so, since "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (citations omitted); *see also Gerstein v. Pugh*, 420 U.S. at 117, n. 19 (1975). Instead plaintiff is alleging that, following his proper arrest, he was unlawfully detained for some six months, without a court appearance, an

3

arraignment, formal notice of the charges against him, or a determination being made as to whether to admit him to bail or appoint him counsel (should he lack the financial resources to hire one).

Courts have held that an extended 18-day detention, "without an appearance before a judge, amounted to a deprivation of liberty without due process of law," *Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1069 (7th Cir. 2012), and that "pretrial detention without a bail hearing will, after a certain amount of time, violate a detainee's right to liberty under the U.S. Constitution." *Malmquist v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 2012 WL 2946438, *4 (M.D. Tenn. July 18, 2012). Indeed, "the duration of the detention and the burden placed on state officials in providing procedural safeguards are highly relevant to a constitutional examination of post-arrest detentions." *Holloway*, 700 F.3d at 1069 (quoting *Coleman v. Frantz*, 754 F.2d 719, 724 (7th Cir. 1985)).

A defendant who is detained pursuant to a valid warrant could not be detained indefinitely in the face of his protests of innocence (or in this case, in the face of a criminal accused's protests that he has been denied the pretrial procedures Tennessee affords defendants) because such detention "will after the lapse of a certain amount of time deprive the accused of liberty . . . without due process of law." *Baker v. McCollan*, 43 U.S. 137, 144-45 (1979); *see Gray v. Cuyahoga County Sheriff's Dept.*, 150 F.3d 579 (6th Cir. 1998) (Detainee's 41-day detention, where jailers failed to ascertain that they had the wrong man, was a cognizable due process claim.). Because the Court cannot find the claim to be frivolous, malicious or that it fails to state a claim, it will be permitted to advance further.

C. Claims of Other Constitutional Violations

Plaintiff's remaining claims are stated thus: "I am handicapped with special needs. This facility is not handicapped accessable (sic), no hand rails in cell or shower, no recreation, no law library, no representation of counsel, no means to petition local court by legal motions because of no legal counsel or law library access. No . . . medical satisfaction, lost medication multiple staff (sic) infections."

1. *Jail conditions*

The initial claim regarding the lack of handicapped access at the jail implicates the right to due process. Under the Fourteenth Amendment Due Process Clause, a pretrial detainee has a right to constitutional prison conditions, which is analogous to the convicted person's Eighth Amendment right to constitutional prison conditions. *See generally Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id*. Where prison conditions are concerned, a sufficiently serious deprivation is one "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 82. "Deliberate indifference is more than negligence and approaches

5

intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

The claims involving plaintiff's disability lack the necessary factual support. While plaintiff claims that he is handicapped and has special needs and that there are no handrails in the cell or the shower, he has not described the nature of his disability or his medical diagnosis, which would require those special accommodations to be furnished for him. Absent such a description, the mere contention that plaintiff is handicapped does not permit the Court to conclude that he has alleged a sufficiently serious deprivation so as to satisfy the objective component of an unconstitutional confinement condition. *See Helling*, 509 U.S. at 36 (requiring prisoner to show "the risk of which he complains is not one that today's society chooses to tolerate").

Nor has plaintiff shown any deliberate indifference to his claimed plight, as he has failed to establish that a defendant was aware of facts from which it could be inferred that such a risk existed and that a defendant actually drew that inference. *Farmer*, 511 U.S. at 837. Lacking any contentions to show the requisite state of mind, the deliberate-indifference aspect of the claim falters. On the sketchy facts alleged, plaintiff's allegations fail to state a claim for relief.

2. *Access to Courts*

Likewise wanting are plaintiff's allegations that the jail contains no law library, access to a lawyer, or means to petition the local court for redress. A prisoner has a First Amendment right "to petition the Government for redress of grievances," and this includes a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). It does not include a freestanding right to a law library, however. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

In order to succeed on a claim for denial of access to the courts, a plaintiff must show that the alleged deficiencies in the law library or legal assistance program have actually impeded his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Lewis*, 518 U.S. at 351 and 360 n.7 (An actual impediment is not shown "simply by establishing that [a] prison's law library or legal assistance program is sub-par in some theoretical sense" or pointing to the "lack of access to adequate library facilities. . . ."). This means that plaintiff "must plead and prove prejudice stemming from the asserted violation. Plaintiff[] must demonstrate, for example, that the [alleged infringement of his right] caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis*).

Plaintiff has not alleged that he has been prejudiced in filing this instant suit involving wrongful confinement conditions or has suffered any "litigation related detriment" to either this case or his pending state criminal case. *See id.* Therefore, because plaintiff has not shown that he has sustained an actual injury in his efforts to litigate a non-frivolous claim, he fails to state a claim for denial of his right of access to the courts.

3. *Medical claims*

This leaves only plaintiff's claims regarding medical treatment, to wit: "No . . . medical satisfaction, lost medication multiple staff (sic) infections," (Compl. at 3, ¶ IV).

Where the complained of condition involves medical care, the Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle*, 429

7

U.S. at 103.[1]  Here, however, plaintiff has not identified the illness or medical condition which required medical treatment or medications and there are no allegations of fact from which to infer that he had a serious medical need.

Moreover, because there is no assertion that any named defendant knew about any such medical problems, plaintiff's need for treatment or medication, or the existence of a staphylococcus bacterial infection at the jail and because a defendant who does not actually know about a serious medical need cannot consciously disregard a risk of serious harm to an inmate's health or safety, plaintiff has not demonstrated deliberate indifference. *Farmer*, 511 U.S. at 837 (deliberate indifference shown where official is aware of facts from which to infer that a substantial risk of serious harm exists *and* where he actually draws the inference).

Therefore, since both the "serious medical need" and the state-of-mind element of an Eighth Amendment claim is missing, plaintiff has failed to state a claim under *Estelle*. *Id*. at 838 ("Our cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment.").

## IV.  Service

To sum up, only the allegations involving plaintiff's period of pretrial detention will be allowed to advance to service.  Accordingly, the Clerk is **DIRECTED** to send plaintiff a service packet.  (The packet contains a blank summons and USM 285 form.)  Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date

---

[1] As noted, the Due Process Clause of the Fourteenth Amendment affords pretrial detainees the same protections guaranteed to convicted persons by the Eighth Amendment. *See Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

on this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant. Defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

Finally, all other claims are **DISMISSED** from this action for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE